AO 451 (Rev. 12/12)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Culp Construction Company | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. 8:19-cv-00727-JVS-ADS |
| Jared Mark Sposito dba 19th Greens | ) |
| *Defendant* | ) |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* ___08/16/2019___.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: ___JAN -3 2020___

CLERK OF COURT

*Signature of Clerk or Deputy*

11/4

# ATTACHMENTS

- Judgment entered by the Court in favor of Plaintiff Culp Construction Company against Defendant Jared Mark Sposito dba 19th Greens on August 16, 2019 in the amount of **$85,557.06**. The judgment further provides that Plaintiff Culp Construction Company is also entitled to recover (1) its costs upon submission of an application to tax costs in accordance with Fed. R. Civ. P. 54(d)(1); and (2) its attorneys' fees upon a noticed motion for such fees in accordance with Fed. R. Civ. P. 54(d)(2).

- Order entered by the Court on September 20, 2019 granting Plaintiff Culp Construction Company's motion for attorneys' fees in the amount of **$28,213.00** against Defendant Jared Mark Sposito dba 19th Greens.

- Bill of Costs entered by the Court on November 21, 2019 taxing costs in favor of Plaintiff Culp Construction Company and against Defendant Jared Mark Sposito dba 19th Greens in the amount of **$575.00**.

Case 8:19-cv-00727-JVS-ADS   Document 19   Filed 08/16/19   Page 1 of 3   Page ID #:164

JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| CULP CONSTRUCTION COMPANY, | Case No. 8:19-cv-00727-JVS-ADS |
|---|---|
| Plaintiff, | Judge: Hon. James V. Selna |
| vs. | **JUDGMENT WITH RESPECT TO PLAINTIFF CULP CONSTRUCTION COMPANY'S CAUSES OF ACTION FOR (1) BREACH OF CONTRACT; AND (2) MONEY HAD AND RECEIVED** |
| JARED MARK SPOSITO dba 19TH GREENS; and DOES 1 through 20, inclusive, | |
| Defendants. | |

1

Pursuant to the Court's Order Regarding Motion for Entry of Default Judgment [Dkt. #17], IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Judgment is hereby entered in favor of Plaintiff Culp Construction Company ("Culp") and against Defendant Jared Mark Sposito dba 19th Greens ("Sposito") with respect to the First Cause of Action (Breach of Contract) and Second Cause of Action (Money Had and Received) in the Complaint in the total amount of **$85,557.06**.

2. The foregoing amount consists of the following:
   a. **$83,076.16** in damages as established by Culp; and
   b. **$2,480.90** in prejudgment interest on the aforementioned damages at an interest rate of 10% per annum (simple interest) pursuant to *Cal. Civ. Code* § 3289(b), as calculated from the date of the filing of the Complaint (April 19, 2019) to August 6, 2019.

3. Culp shall be entitled to recover its costs, and Culp is directed to submit an application to the Clerk of the Court to tax costs in accordance with Fed. R. Civ. P. 54(d)(1).

4. Culp shall be entitled to recover its attorneys' fees, and Culp is directed to submit a noticed motion for such fees in accordance with Fed. R. Civ. P. 54(d)(2).

5. Culp's Motion for Entry of Default Judgment is denied as to all other claims in the Complaint, but the Court severs the Third Cause of Action (Fraud and Deceit) and grants Culp thirty (30) days leave to amend the Complaint to state a claim that may support punitive or trebled damages.

/ / /
/ / /
/ / /

2

JUDGMENT WITH RESPECT TO CULP CONSTRUCTION COMPANY'S CAUSES
OF ACTION FOR (1) BREACH OF CONTRACT; AND (2) MONEY HAD AND RECEIVED

1      6.    The Court shall retain jurisdiction over any matter pertaining to this
2  judgment.
3      **IT SO ORDERED.**

6  Dated: August 16, 2019

                                                Hon. James V. Selna

3

JUDGMENT WITH RESPECT TO CULP CONSTRUCTION COMPANY'S CAUSES
OF ACTION FOR (1) BREACH OF CONTRACT; AND (2) MONEY HAD AND RECEIVED

I hereby attest and certify on JAN - 3 2020 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

(1099)

Case 8:19-cv-00727-JVS-ADS   Document 22   Filed 09/20/19   Page 1 of 5   Page ID #:199

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 19-00727-JVS(ADSx) | Date | September 20, 2019 |
| Title | Culp Construction Co. v. Jared Mark Sposito dba 19th Greens | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Minute Order Regarding Motion for Attorneys' Fees**

Plaintiff Culp Construction Company ("Culp") filed a Motion for Attorney's Fees ("Mot."). Mot., ECF No. 20. Defendant Jared Mark Sposito dba 19th Greens ("Sposito") did not file an opposition brief.

For the following reasons, the Court **GRANTS** the motion and awards Culp $28,213 in attorneys' fees.

## I. BACKGROUND

On April 19, 2019, Culp brought suit against Sposito for (1) breach of contract; (2) money had and received; (3) fraud and deceit; (4) conversion; (5) civil liability for violation of Cal. Pen. Code § 496; and (6) violation of Bus. & Prof. Code § 17200 et seq. Compl., ECF No. 1.

On May 1, 2019, Sposito was personally served with the summons and Complaint. Proof of Service, ECF No. 10. Sposito had until May 22, 2019 to answer or otherwise respond to the complaint, but did not do so. Mot. for Default J. 1, ECF No. 14. See Fed. R. Civ. P. 12(b).

On June 20, 2019, the Clerk of the Court entered default against Sposito. Default, ECF No. 12. Culp then sought entry of default judgment against Sposito consisting of Culp's damages and prejudgment interest. Mot. for Default J. 1, ECF No. 14. Sposito did not file an opposition. The Court then granted default judgment against Sposito in the amount of $83,076.16 as well as prejudgment interest calculated at 10% and determined

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   SACV 19-00727-JVS(ADSx)                                Date   September 20, 2019

Title   Culp Construction Co. v. Jared Mark Sposito dba 19th Greens

that Sposito was entitled to reasonable attorneys fees. Order 13, ECF No. 17. Culp now seeks attorneys' fees in the amount of $28,213 or at the minimum, $5,022.28 as specified in the fee schedule set forth in L.R. 55-3. Mot. 6, ECF No. 20.

## II. LEGAL STANDARD

Federal courts apply state law in determining whether to award attorney fees in an action on a contract. Ford v. Baroff, 105 F.3d 439, 442 (9th Cir. 1997). California Civil Code § 1717 provides, in pertinent part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). Section 1717 further provides that "the party prevailing on the contract shall be the party who recovered greater relief in the action on the contract." Id. § 1717(b)(1). "The court may also determine that there is no party prevailing on the contract for purposes of this section." Id.

In California, reasonable attorneys' fees authorized by contract are awarded to the prevailing party "as fixed by the court." Id. § 1717(a); see also EnPalm, LLC v. Teitler, 162 Cal. App. 4th 770, 774 (2008). The trial court has broad discretion to determine the amount of a reasonable fee, and the award of fees is governed by equitable principles. EnPalm, 162 Cal. App. 4th at 774 (citing PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1094-95 (2000)). "The use of the lodestar method for calculating attorney fees was established in California in [Serrano v. Priest, 20 Cal. 3d 25, 48 (1977)]." Thayer v. Wells Fargo Bank, N.A., 92 Cal. App. 4th 819, 833 (2001).

"The first step involves the lodestar figure—a calculation based on the number of hours reasonable expended multiplied by the lawyer's hourly rate. The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to

Case 8:19-cv-00727-JVS-ADS   Document 22   Filed 09/20/19   Page 3 of 5   Page ID #:201

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 19-00727-JVS(ADSx) | Date | September 20, 2019 |
| Title | Culp Construction Co. v. Jared Mark Sposito dba 19th Greens | | |

fix the fee at the fair market value for the legal services provided." EnPalm, 162 Cal. App. 4th at 774 (quotation marks and citations omitted); see also Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001) ("[T]rial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation."). Factors to be considered in adjusting the lodestar include "the nature and difficulty of the litigation, the amount of money involved, the skill required and employed to handle the case, the attention given, the success or failure, and other circumstances in the case." EnPalm, 162 Cal. App. 4th at 774 (citation omitted) (emphasis in original).

## III. DISCUSSION

### A. Reasonableness of Fee Award Requested

This Court has previously determined that Culp is entitled to reasonable attorneys' fees and costs. ECF No. 17, 10. The Court must now determine whether the requested award is reasonable.

When a judgment is between $50,000 and $100,000, Local Rule 55-3 provides that attorneys fees be awarded in the amount of $3,600 plus 4% of the amount over $50,000. However, an attorney can file a "written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court. The Court shall hear the request and render judgment for such fee as the Court may deem reasonable." L.R. 55-3. To determine a reasonable attorneys' fee award, the Court multiplies the number of hours reasonably expended on the litigation by the reasonable hourly rate. PLCM Grp., 22 Cal. 4th at 1095. The party seeking attorneys' fees may submit evidence substantiating and documenting the hours worked and hourly rates charged. Ketchum, 24 Cal. 4th at 1132. Factors to be considered in adjusting the lodestar include "the nature and difficulty of the litigation, the amount of money involved, the skill required and employed to handle the case, the attention given, the success or failure, and other circumstances in the case." EnPalm, 162 Cal. App. 4th at 774 (citation omitted) (emphasis in original). For example, the Court may reduce an attorneys' fee award where the documentation is lacking or where the hours billed were excessive, redundant, otherwise unnecessary, or not reasonably expended. Id. at 775 n.5.

Culp seeks an award of $28,213 in attorneys' fees for the work performed on this

Case 8:19-cv-00727-JVS-ADS   Document 22   Filed 09/20/19   Page 4 of 5   Page ID #:202

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-00727-JVS(ADSx) | Date | September 20, 2019 |
| Title | Culp Construction Co. v. Jared Mark Sposito dba 19th Greens | | |

matter by attorney Edwin R. Cottone of the law firm Cottone & Moon and two paralegals. Decl. ¶ 3, Ex. A. In support of its request, Culp provides billing statements from the inception of this case in February 2019 through the present. Id.

        1.     Rates Charged

Based on the evidence presented and the Court's knowledge of the market rates for attorneys of similar skill and experience practicing business litigation in the Los Angeles and Orange County markets, the rate charged by Cottone was reasonable. Cottone charged Culp $395/hour and $125/hour for work done by paralegals. Id. ¶ 2. Cottone has 17 years of experience specializing in business and commercial litigation. Id.

        2.     Hours Worked

Culp seeks a fee recovery for 68.8 hours of work by Cottone and 8.3 hours of work by paralegals for a total of 77.1 hours. Decl. ¶ 3, Ex. A. The court finds the 77.1 hours of work for which Culp seeks a fee award were reasonable based on the billing statements showing when and how fees were incurred. Particularly, the Court finds this amount of hours reasonable in light of the detailed time records submitted by Culp. Id. Furthermore, the Court does not find that a reduction in the number of hours billed is warranted due to any "padding" in the form of excessive, redundant, or unnecessary hours billed. EnPalm, 162 Cal. App. 4th at 775 n.5. Upon review of the time entries submitted, the Court finds that all were necessary and related to Culp's pursuit of the instant litigation. Accordingly, the Court finds that the amount of hours worked by Cottone and the paralegals were reasonable.

        3.     Lodestar Adjustment

The Court finds that an adjustment to the lodestar calculation is not appropriate in this case. As already noted, the Court finds no "padding" in the form of excessive, redundant, or unnecessary hours worked, and similar awards have been awarded in similar cases. See supra, section III.B.1-2. This case does not appear to be significantly less complex or time-consuming than any of the similar cases reviewed by the Court in which similar fees were held to be reasonable. Accordingly, the Court thus finds that no adjustment to the lodestar calculation of $28,213 is warranted under the circumstances of this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-00727-JVS(ADSx) | Date | September 20, 2019 |
| Title | Culp Construction Co. v. Jared Mark Sposito dba 19th Greens | | |

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion and awards Culp $28,213 in attorneys' fees. The Court further finds that oral argument would not be helpful in this matter, and vacates the September 23, 2019 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

                                                    :     0

                                Initials of Preparer    lmb

# UNITED STATES DISTRICT COURT
## Central District of California

## APPLICATION TO THE CLERK TO TAX COSTS

CULP CONSTRUCTION COMPANY,

V.

JARED MARK SPOSITO dba 19TH GREENS; and DOES 1 through 20, inclusive,

Case Number: 8:19-cv-00727-JVS-ADS

Judgment was entered in this action on __8/16/2019__ / __19__ against __Defendant Jared Mark Sposito dba 19th Greens__.
　　　　　　　　　　　　　　　　　　　　　Date　　　　Docket No.

**NO HEARING ON THIS APPLICATION WILL BE HELD UNLESS THE CLERK NOTIFIES THE PARTIES OTHERWISE.**

| Item | Amount |
|---|---|
| Clerk's Fees (L.R. 54-3.1): | |
| Fees for Service of Process (L.R. 54-3.2): | $175.00 |
| United States Marshal's Fees (L.R. 54-3.3): | |
| Transcripts of Court Proceedings (L.R. 54-3.4): | |
| Depositions (L.R. 54-3.5): | |
| Witness Fees - itemize on page 2 (L.R. 54-3.6): | |
| Interpreter's Fees (L.R. 54-3.7): | |
| Docket Fees (L.R. 54-3.8): | $400.00 |
| Court-Appointed Experts, Masters, Commissioners, and Receivers (L.R. 54-3.9): | |
| Certification, Exemplification and Reproduction of Documents (L.R. 54-3.10): | |
| Premiums on Undertakings and Bonds (L.R. 54-3.11): | |
| Other Costs - attach court order (L.R. 54-3.12): | |
| State Court Costs (L.R. 54-3.13): | |
| Costs on Appeal (L.R. 54-4): | |
| Costs on a Bankruptcy Appeal to the District Court (L.R. 54-5): | |
| **TOTAL** | **$575.00** |

**NOTE:** You must attach an itemization and documentation supporting all requested fees and costs. Documentation includes receipts, orders, and stipulations. All receipts must be self-explanatory.

### DECLARATION

　　I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this application has been served on all parties by:

☑ The Court's CM/ECF System
☑ Conventional service by first class mail
☐ Other _____

/s/ Edwin R. Cottone　　　　　　　　　　　　　　　　　Edwin R. Cottone
Signature　　　　　　　　　　　　　　　　　　　　　　Print Name

Attorney for: Plaintiff Culp Construction Company

Costs are taxed in the amount of $575.00

Kiry K. Gray　　　　　　　By:　Kelly Davis　　　　　　　　　November 21, 2019
Clerk of Court　　　　　　　　　　Deputy Clerk　　　　　　　　　Date

CV-59 (12/18)　　　　　　　　　　　　　BILL OF COSTS　　　　　　　　　　　　　Page 1 of 2



I hereby attest and certify on _____
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

JAN -3 2020

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

(1099)

# COTTONE & MOON

## LITIGATION ATTORNEYS

KOLL CENTER NEWPORT
5000 BIRCH STREET, SUITE 3000, WEST TOWER
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE: (949) 260-2004
FACSIMILE: (949) 861-9922
EMAIL: ed@cottonemoon.com
WEBSITE: www.cottonemoon.com

February 13, 2020

**SENT VIA FIRST CLASS MAIL**

United States District Court for the
District of Colorado – Civil Intake
901 19th Street, Room A-105
Denver, CO 80294

Re: **Request to Register Judgment from Another Federal District for *Culp Construction Company v. Jared Mark Sposito dba 19th Greens* (C.D. Cal. Case No. 8:19-cv-00727-JVS-ADS)**

Dear Sir or Madam:

This law firm is counsel of record for Plaintiff Culp Construction Company in the above-referenced action. I am requesting to register an out-of-district judgment for filing with your court. In accordance with the Court's instructions for registration of judgment for enforcement in other districts as set forth on the Court's website, please find enclosed the following:

1. A signed Form AO-451 with certified judgment and related documents;
2. A check in the total amount $47.00 for filing fees.

I am greatly appreciative of the Court's help with respect to this request. If you have any questions or concerns, please do not hesitate to contact me at (949) 260-2004. Thank you for your time and attention to this matter.

Sincerely,

Edwin R. Cottone, Esq.

Enclosures (2):
- Form AO-451 with attachments
- Check of $47.00 for filing fees.

Cottone & Moon, Litigation Attorneys
Koll Center Newport
5000 Birch Street, Suite 3000, West Tower
Newport Beach, CA 92660

United States District Court for the
District of Colorado – Civil Intake
901 19th Street Room A-105
Denver, CO 80294




